UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SUZANNE HAAR

CIVIL ACTION

VERSUS

NO. 16-855-JWD-EWD

RICKY D. HELMS

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 6, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SUZANNE HAAR

VERSUS

RICKY D. HELMS

CIVIL ACTION

NO. 16-855-JWD-EWD

**REPORT AND RECOMMENDATION**

Before the court is a referral from the District Judge of a Motion to Remand[1] filed by defendants, Canal Insurance Company and MFX, LLC (collectively, "Defendants"). For the reasons set forth herein, the undersigned recommends[2] that the Motion to Remand be GRANTED and this matter be REMANDED to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

I.   **Background**

On December 20, 2016, Canal Insurance Company and MFX, LLC (collectively, the "Removing Defendants") filed a Notice of Removal asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[3] On December 29, 2016, the court ordered the Removing Defendants to file an amended notice of removal that properly set forth the citizenship of all parties as well the specific basis for asserting that the amount in controversy requirement for this court to exercise subject matter jurisdiction was met.[4]

---

[1] R. Doc. 6.
[2] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).
[3] R. Doc. 1.
[4] R. Doc. 3. The undersigned found that it was not facially apparent from the face of plaintiff's Petition for Damages that the claims were likely to exceed $75,000.00. The undersigned explained that plaintiff alleged that she sustained injuries and property damage arising out of a motor vehicle accident and sought recover damages, including but not limited to: (1) physical pain and suffering; (2) mental pain, anguish and distress; (3) medical expenses; (4) loss of enjoyment of life; (5) disability; (6) lost wages; and (7) property damages for rental, towing, repairs, loss of use, and diminished value. However, there was no indication in the Petition or the Notice of Removal regarding the amount of medical expenses, lost wages, or property damage, nor was there any allegation regarding plaintiff's claim under the insurance policy or the policy limits at issue in this suit.

2

By letter dated January 11, 2017, the Removing Defendants informed the court that a settlement demand had been issued by plaintiff "which evidences that, at the present time, subject matter jurisdiction does not exist."[5]  Per the Removing Defendants' letter, based on plaintiff's settlement demand, "an Amended Notice of Removal will not be filed and the matter may be remanded to State Court."[6]  On February 21, 2017, the Removing Defendants filed the instant Motion to Remand, asserting that plaintiff's settlement demand "indicate[s] that the amount in controversy does not exceed $75,000.00, exclusive of interest and costs."[7]  On March 3, 2017, Defendants filed a Certificate of No Opposition to Motion to Remand, certifying that "there is no opposition to the remand of this matter" and that "[u]ndersigned counsel spoke with counsel for plaintiff and counsel for State Farm and verified that no party has any opposition to the Motion to Remand."[8]

## II.   Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332(a), when original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand

---

[5] R. Doc. 5.
[6] R. Doc. 5.
[7] R. Doc. 6, ¶ II.  Per their Motion to Remand, the Removing Defendants "reserve their right to removal should the facts and circumstances change and indicate that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs."  R. Doc. 6, ¶ IV.
[8] R. Doc. 9.

3

is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice ... does not permit demand for a specific sum ... [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). "In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists." *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)). The removing party may make this showing by either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

The Removing Defendants have the burden of establishing this court's federal jurisdiction, and the undersigned has previously found that it was not facially apparent from plaintiff's Petition that the jurisdictional threshold has been met.[9] The Removing Defendants have not met their "burden to show that the jurisdictional amount is facially apparent for present purposes, nor…made a showing sufficiently particularized to meet [their] burden." *Becnel v. State Farm*

---

[9] R. Doc. 3.

4

*Fire & Cas. Co.*, 2007 WL 4570821, at *1 (E.D.La. Dec. 26, 2007). Rather than submit additional information to establish by a preponderance of the evidence that the amount in controversy likely exceeds $75,000.00, the Removing Defendants have chosen to not file an amended Notice of Removal and instead take the position that the amount in controversy is insufficient to support federal jurisdiction.[10] Based on the Removing Defendants' assertions regarding the amount in controversy as set forth in both their January 11, 2017 letter as well as their Motion to Remand, the undersigned finds that the Removing Defendants have not met their burden of establishing this court's subject matter jurisdiction.

### III. Recommendation

For the reasons set forth herein, it is the recommendation of the Magistrate Judge that the Motion to Remand[11] be GRANTED and this matter REMANDED to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on March 6, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] Settlement demands that relate to the jurisdictional facts as they exist at the time of removal are relevant to this court's determination of federal jurisdiction. *See*, *Haydel v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 2781472, at * 5 n. 10 (M.D. La. July 10, 2008) ("Although State Farm failed to attach copies of the settlement demand letters to its notice of removal (and plaintiffs contend that remand therefore is appropriate because there was no evidence in the record as to the amount in controversy at the time of removal), the Court nevertheless finds that it can consider the settlement demand letters submitted with State Farm's present opposition because they relate to the jurisdictional facts as they existed at the time of removal"). Although the settlement demand upon which the Removing Defendants base the instant Motion to Remand apparently was issued following removal, there is no indication that the facts have changed such that the settlement demand is not at least some indication of the amount in controversy at the time of removal.

[11] R. Doc. 6.